IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PIEDMONT ROOFING SERVICES, LLC, | ) | Civil Action No.  4:22-cv-04114-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STATE FARM'S RESPONSE IN** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| STATE FARM FIRE AND CASUALTY | ) | **MOTION TO REMAND** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In its Motion to Remand (the "Motion," ECF No. 12), Plaintiff Piedmont Roofing Services, LLC ("Piedmont") argues, despite specifying damages and relief sought in its complaint, it can deprive this Court of jurisdiction and defeat removal through a post-removal stipulation capping its recovery to some amount less than $75,000 (the "Post-Removal Stipulation," ECF No. 13). The Post-Removal Stipulation cannot be considered in connection with the Motion because the amount in controversy for purposes of diversity jurisdiction is determined at the time of removal, not thereafter. Considering the judgment that could be entered if the allegations were true, Piedmont prevailed on the merits of the case, and Piedmont recovered all relief sought in its Complaint, the amount in controversy at the time of removal exceeded $75,000. Thus, as established in the Notice of Removal (ECF No. 1) filed by State Farm Fire and Casualty Company ("State Farm"), the Court has subject-matter jurisdiction and the Motion should be denied.

**ARGUMENT**

**I.**     **Piedmont's Complaint at the time of removal controls the amount in controversy, not its Post-Removal Stipulation.**

Piedmont's Motion relies on the Post-Removal Stipulation, which stipulates Piedmont will neither seek nor execute a judgment for more than $74,999 in damages. (Mot. ¶ 13; Stip. of

Damages.) Piedmont argues its Post-Removal Stipulation defines the amount in controversy, or in the least is evidence of the amount in controversy, and thus deprives this court of jurisdiction. This argument flies in the face of long-established precedent: post-removal events which reduce the amount in controversy below the jurisdictional limit do not deprive a federal court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999).

A federal court may exercise diversity jurisdiction over a claim when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).[1] For nearly 200 years, the law has stated the "'jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 547, 539, 6 L.Ed. 145 (1824)). Thus, challenges to a federal court's diversity jurisdiction must be measured "against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571. Even when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces his claim below the requisite amount, **this does not deprive the district court of jurisdiction**." *St. Paul Mercury Indem, Co. v. Red Cab Co.*, 202 U.S. 283, 292 (1938) (emphasis added).

There is an exception, though inapplicable to this case. The law permits a narrow use of post-removal stipulations for clarification when the complaint does not specify a dollar amount of damages. *See, e.g.*, *Stanley v. Auto-Owners Ins. Co.*, 423 F.Supp.3d 225, 229 (D.S.C. 2019) (interpreting a post-removal stipulation as a clarification because the plaintiffs "did not specify an

---

[1] Piedmont concedes the parties are diverse. (Mot. ¶ 3.) Thus, the only issue before this Court is whether the amount in controversy exceeds $75,000.

amount of damages in their complaint"); *Cox v. Willhite Seed Inc.*, No. 1:13-cv-2893-JMC, 2014 WL 6816990, at *2 (D.S.C. Dec. 4, 2014) ("Upon review, the court notes that Plaintiff did not specify an amount of damages in his complaint. … Therefore, the court interprets Plaintiff's Stipulation as to Damages as a clarification of the amount of damages he is seeking."). *St. Paul* does not prevent a plaintiff whose state court complaint plead "unspecified actual and punitive damages" from "providing the information [regarding damages] for the first time" after removal. *Ferguson v. Wal-Mart Stores, Inc.*, No. 4:94-2696-22, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (quoting *Cole v. Great Atlantic Pacific Tea Co.*, 728 F.Supp. 1305, 1309 (E.D.Ky. 1990)). But this exception is available only when the amount in controversy at the time of removal is wholly indeterminate from the face of the Complaint. *See, e.g.*, *Covington v. Syngenta Corp.*, 225 F.Supp.3d 384, 389 (D.S.C. 2016). Conversely, when a plaintiff's post-removal stipulation "simply is not the 'first evidence of the value of the claim'", it is "a post-removal maneuver to defeat jurisdiction, prohibited by *St. Paul Mercury*." *Id*. at 390.

Here, Piedmont attempts precisely what the Supreme Court in *St. Paul Mercury* said a plaintiff cannot do. Piedmont's post-removal stipulation is not the first evidence of the value of its claims. At the time of removal, Piedmont's Complaint specified it is seeking actual damages *of at least* $21,896 (Compl. ¶ 14) and further alleges its actual damages are continuing (Compl. ¶ 20); it seeks an unspecified amount of consequential damages (Compl. ¶ 26) and alleges its consequential damages are continuing (Compl. ¶ 20); it seeks punitive damages (Prayer for Relief ¶ A, Compl); and it seeks attorney's fees (Prayer for Relief ¶ A, Compl). The value of Piedmont's claims at the time of removal is not wholly indeterminate from the face of the Complaint and thus, the Post-Removal Stipulation cannot be considered in connection with the Motion to determine the sufficiency of the amount in controversy.

Piedmont cites a cavalcade of cases to persuade this Court to consider the Post-Removal Stipulation, but each case is distinguishable because, without exception, the complaints in those cases failed to specify any amount of damages. *See, e.g.*, *Sanders v. Progressive Direct Ins. Co.*, No. 9:20-CV-2480-DCN, 2020 WL 5017855, at *2 ("Sander's complaint does not specify whether he seeks more or less than $75,000 in total damages[.]"); *Ferguson*, 1994 WL 653479, at *2 (remanding case where plaintiff alleged an unspecified amount of damages); *Cox*, 2014 WL 6816990, at *1 ("Plaintiff did not specify an amount of damages in the Complaint, but prayed 'for an award of actual and punitive damages, cost and attorney's fees.'").

In fact, this Court has rejected substantially the same argument from substantially the same plaintiff. *See Clear Choice Const. LLC v. Travelers Home & Marine Ins. Co.*, No. 0:17-1890-MBS, 2018 WL 718960, at *4 (D.S.C.  Feb. 6, 2018) (rejecting plaintiffs' argument their post-removal allegations of damages divested this Court of jurisdiction).[2] Despite Piedmont's attempt to distinguish *Clear Choice* because it did not involve a post-removal stipulation, this Court specifically recognized the long-standing precedent discussed above and held such action would be futile: "The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction." *Id.*

---

[2] The plaintiffs there—Clear Choice Construction, LLC, and Piedmont Disaster Services, L.L.C.—shared a registered agent: Ronald Pierce. *See Clear Choice Const.*, 2018 WL 718960 at *3 nn. 2 & 3. Mr. Pierce is the "Member and Manager" for Piedmont Roofing Services, LLC, the Plaintiff in this case. (Verification to Compl.; *see also*, Compl. Ex. A (alleging Jessica Moore assigned her claim to "Ronald Pierce/Piedmont Roofing Services, LLC").) Further, in a video published on YouTube, Mr. Pierce identifies himself as the owner of both Piedmont Roofing Services and Piedmont Disaster Services. *See* Logan O'Neill, *Piedmont Disaster Services*, YouTube (Aug. 13, 2017), https://www.youtube.com/watch?v=9iExcg5EdSI.

In short, the amount in controversy is determinable from Piedmont's Complaint and thus the stipulation is not "clarifying the amount in controversy for the first time[.]" *See Stanley*, 423 F.Supp.3d at 230. The Court, therefore, should not look to the Post-Removal Stipulation to determine the amount in controversy. Instead, this Court should look to the alleged dollar value of compensatory damages, coupled with the request for and nature of other alleged damages, to determine whether the amount in controversy exceeded $75,000 at the time of removal.

## II.     **Piedmont's request for a specific dollar value of actual damages, coupled with its request for other damages, establishes an amount in controversy exceeding $75,000 at the time of removal.**

"[T]he Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy." *Brailsford v. Fresenius Med. Ctr. CNA Kidney Centers LLC*, No. 2:15-CV-04012-DCN, 2017 WL 1214337, at *3 (D.S.C. Apr. 3, 2017). Courts within the District of South Carolina lean towards requiring defendants to show the amount in controversy has been satisfied at least within a reasonable probability. *Clear Choice Const.*, 2018 WL 718960, at *2 (citing *Brailsford*, 2017 WL 1214337, at *3).

As set forth in State Farm's Notice of Removal, the damages alleged and claims raised in Piedmont's Complaint establish, at least within a reasonable probability, an amount in controversy exceeding $75,000 at the time of removal. Specifically, Piedmont's Complaint alleges State Farm insured a dwelling in South Carolina (Compl. ¶ 5); the dwelling suffered property damage to the roof caused by a wind and hail storm (Compl. ¶ 6); the insured hired Piedmont to repair the dwelling and assigned her rights to Ronald Pierce and/or Piedmont (Compl. ¶ 7; Ex. A to Compl.); there were $28,122 in necessary repairs, only $5,726 of which had been paid for by State Farm after applying a $500 deductible (Compl. ¶ 14); Piedmont is entitled to recover the $21,896 left unpaid by State Farm, as well as other unspecified continuing actual damages (Compl. ¶¶ 14, 20);

5

Piedmont is entitled to recover unspecified, continuing consequential damages (Compl. ¶¶ 20, 26), including "costs attributed to State Farm's refusal to pay the appropriate amounts" (Compl. ¶ 14); Piedmont is entitled to recover attorney's fees (Prayer for Relief ¶ A); and Piedmont is entitled to recover punitive damages (Prayer for Relief ¶ A).

Thus, while Piedmont correctly states the "jurisdictional amount is not satisfied *merely* by a plaintiff's prayer for punitive damages and attorney fees" (Mot. ¶ 11 (emphasis added)),[3] that statement is of little consequence given Piedmont has not merely claimed punitive damages and attorney fees. In any event, "claims of punitive damages must be included in the calculation of the amount in controversy." *Clear Choice*, 2018 WL 718960, at *2 (quoting *Am. Health & Life Ins. Co. v. Heyward*, 272 F.Supp.2d 578, 581 (D.S.C. 2003)). Likewise, the claim for attorney's fees must be considered. *Clear Choice*, 2018 WL 718960, at *2 (citing *Thompson v. Victoria Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847 (D.S.C. 1999); *Barker v. Washington Nat'l. Ins. Co.*, C/A No.

---

[3] In support, Piedmont cites *Spann v. Style Crest Products, Inc.*, 171 F.Supp.2d 605, 608-09 (D.S.C. 2001), and *Crosby v. CVS Pharmacy, Inc.*, 409 F.Supp.2d 665, 668 (D.S.C. 2005), both of which are distinguishable. *Crosby* involved a complaint that was silent on any amount of damages incurred and silent on the extent of the plaintiff's alleged injuries. 398 F.Supp.2d at 667. This Court remanded the case because, "[w]ithout *any* information regarding the potential actual damages, the court cannot speculate as to the possible punitive damages and whether they will exceed the jurisdictional amount." *Id.* at 668 (emphasis added). *Spann* was a class action where it was almost certain no single plaintiff's compensatory and punitive damages could exceed the $75,000 jurisdictional threshold because while it was proper to consider punitive damages, any possible punitive award "must be divided pro rata among the plaintiffs and may not be aggregated" in calculating the amount in controversy and the double digit punitive damages multiplier that would have been necessary to bring any single plaintiff's amount in controversy over the jurisdictional threshold was highly unlikely to be awarded. 171 F.Supp.2d at 608.

Unlike in *Crosby*, Piedmont has provided this Court with specific claims of actual damages with which to calculate possible punitive damage awards. And unlike the plaintiffs in *Spann*, if Piedmont recovered only the $21,896 in alleged actual damages, a single-digit punitive damage multiplier of only 2.43 would bring the amount in controversy over the jurisdictional limit. Piedmont also seeks unspecified, ongoing actual damages as well as unspecified, continuing consequential damages. If these were awarded, the punitive damages modifier to exceed the necessary amount in controversy would be even smaller.

9:12-cv-1901-PMD, 2013 WL 1767620, at *2 (D.S.C. April 24, 2013)). The proper measure of the amount in controversy incorporates all damages and claims Piedmont alleges in the Complaint, and Piedmont's Complaint, including its specific damages requests and the extent of its claims, demonstrates the amount in controversy exceeded $75,000 at the time of removal, at least within a reasonable probability.

Notably, in *Clear Choice*, this Court denied a motion to remand finding the amount in controversy satisfied where the plaintiffs, including Piedmont Disaster Services, L.L.C., specified by amount at least $11,184.09 in damages. *See Clear Choice Const.*, 2018 WL 718960, at *4. The allegations in *Clear Choice* are remarkably similar to the allegations in Piedmont's Complaint: a South Carolina dwelling suffered property damage to the roof caused by a wind and hail storm; the insured property owners hired Piedmont Disaster Services, L.L.C. to repair the dwelling and assigned their insurance benefits to Ronald Pierce and/or Piedmont Disaster Services; there were $17,101.82 in necessary repairs, only $5,917.73 of which had been paid for by the insurance company; and the plaintiffs alleged, as assignees, they were entitled to recovery of the $11,184.09 left unpaid as well as unspecified, continuing actual damages, unspecified, continuing consequential damages, attorney's fees, and punitive damages. *Id.* at *1, 3-4. Denying the plaintiffs' motion for remand, this Court found "the requested relief as a whole could reasonably exceed the jurisdictional amount" of $75,000. *Id.* at *4.

The allegations this Court found satisfied the amount in controversy requirements for diversity jurisdiction in *Clear Choice* are present in Piedmont's Complaint. In fact, Piedmont is requesting ***more*** here in actual damages than requested in *Clear Choice*. *Compare* (Compl. ¶ 14 (alleging $21,896 in damages)) *with* 2018 WL 718960, at *2 (noting plaintiffs' estimate of

$17,101.82 less payments of $5,917.73). Thus, this Court has jurisdiction in this case just as it did in *Clear Choice* and the Court should deny Piedmont's Motion just as it did in *Clear Choice*.

In addition to *Clear Choice*, this Court and its sister courts have denied many other motions to remand or otherwise found the amount in controversy satisfactory when the amount of alleged actual damages were far below $75,000 but there existed further claims for unspecified consequential damages, punitive damages, and attorney's fees. A few examples include:

- In *Putnam v. Wake Christian Acad.*, No. CV 6:19-2136-TMC-KFM, 2019 WL 8375930, at *5 (D.S.C. Nov. 25, 2019), report and recommendation adopted, 2020 WL 582236 (D.S.C. Feb. 6, 2020), this Court found the amount in controversy satisfied where the complaint indicated damages were in excess of $20,000 and further sought punitive damages and attorney's fees.

- In *Chek v. State Farm Fire & Cas. Co.*, No. 5:13-CV-378-JG, 2014 WL 12680676, at *3 (E.D.N.C. Mar. 17, 2014), the court found the amount in controversy was satisfied where the complaint alleged damages "exceed[ing] $17,000" in addition to punitive damages.

- In *Barker v. Washington Nat. Ins. Co.*, No. 9:12-CV-1901-PMD, 2013 WL 1767620, at *2 (D.S.C. Apr. 24, 2013), this Court found "the actual amount in controversy at the time of removal appear[ed] to be at least $40,000" and "because [the plaintiff sought] actual and punitive damages, attorney's fees, and costs against [the defendant], the total amount in controversy exceed[ed] $75,000."

- In *Campbell v. Restaurants First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004), the court denied a motion to remand finding although the plaintiff's "medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."

- In *Corey v. Builders Mut. Ins. Co.*, No. CV 2:10-00408, 2010 WL 11643184, at *4 (D.S.C. May 7, 2010), this Court found the amount in controversy satisfied where

the plaintiffs demanded at least $18,660.00 and requested an unspecified amount of punitive damages, leaving the defendant to face a range of liability extending from $18,600 to nine times that amount ($167,940).

In sum, the value of the suit as pled by Piedmont is determinable from the Complaint, which renders the Post-Removal Stipulation irrelevant to the amount in controversy for purposes of diversity jurisdiction. Given Piedmont specified at least $21,896 in actual damages along with unspecified, continuing actual damages, unspecified, continuing consequential damages, punitive damages, and attorney's fees, State Farm has established both in its Notice of Removal and herein, at least within a reasonable probability, the amount in controversy exceeded $75,000 at the time of removal. Accordingly, this Court has jurisdiction and Piedmont's Motion should be denied.

## CONCLUSION

For the reasons set forth herein, State Farm requests this Court deny Piedmont's Motion to Remand.

WHELAN MELLEN & NORRIS, LLC

By: _s/ M. KATHLEEN McTIGHE MELLEN_____
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    E-Mail: katie@whelanmellen.com
    89 Broad Street
    Charleston, SC 29401
    (843) 501-2347

*Counsel for State Farm Fire and Casualty Company*

Charleston, South Carolina

December 30, 2022